IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICO LAMAR BALLARD, | : |
| Plaintiff, | : |
| v. | : Case No. 5:21-cv-00142-MTT-CHW |
| Warden JOSE MORALES, | : |
| Defendant. | : |

### REPORT AND RECOMMENDATION

Before the Court is a motion for summary judgment filed by Defendant Morales. (Doc. 55). For the reasons explained below, it is **RECOMMENDED** that Defendant Morales's motion be **GRANTED in part and DENIED in part** such that this matter proceed to trial. It is further **ORDERED** that Plaintiff's pending motion to produce documents (Doc. 57) is **DENIED**.

### FACTS

This Section 1983 action concerns a threated use-of-force incident that occurred on March 23, 2020. Although the Defendant disputes much of Plaintiff's testimony, Plaintiff's version of the facts is accepted as true for purposes of this motion. According to Plaintiff's allegations, which correspond to Plaintiff's now–available deposition testimony, Plaintiff asked to speak with Defendant Morales, the Warden of the Georgia Diagnostic and Classification Prison, regarding Plaintiff's contention that he had completed his term of incarceration.[1] Plaintiff was then extracted from his cell by members of the CERT team[2] and taken to the office of the Officer in Charge (OIC)

---

[1] Plaintiff contends that he has "maxed out" his sentence for a Fulton County murder conviction. *See* (Pl.'s Dep., Doc. 55-3, pp. 35, 49–50).

[2] Correctional Emergency Response Team. *See* https://gdc.ga.gov/Divisions/ExecutiveOperations/OPS/SpecialOps (last visited Dec. 8, 2022).

to meet with Defendant Morales. Defendant Morales did not agree with Plaintiff's contention, and according to Plaintiff's version of the story, the conversation over Plaintiff's continued imprisonment quickly devolved into an argument. While Plaintiff was seated so that he could access his legal papers, Plaintiff testifies that "the entire CERT team surrounded me to the point I couldn't see in between their bodies." (Compl., Doc. 1, p. 7) (Pl.'s Dep., Doc. 55-3, p. 40). After the CERT officers surrounded Plaintiff, Defendant Morales circled around Plaintiff, "began talking trash cursing me out," and then spit on Plaintiff's back. (Compl., Doc. 1, p. 7) (Pl.'s Dep., Doc. 55-3, pp. 40–41). As the CERT officers later escorted Plaintiff back to his cell, Defendant Morales threatened to kill Plaintiff. (Compl., Doc. 1, pp. 7–8) (Pl.'s Dep., Doc. 55-3, pp. 39, 42).

The Court determined on screening under 28 U.S.C. § 1915A that this combination of facts was sufficient to warrant further factual development of Plaintiff's Eighth Amendment claim of excessive force against Defendant Morales. (Doc. 17). Citing a case from the D.C. Circuit, *Chandler v. Dist. of Columbia Dep't of Corrs.*, 145 F.3d 1355 (D.C. Cir. 1998), the Court explained that verbal threats generally do not rise to the level of a constitutional harm, but the Court also observed that "a threat accompanied by conduct supporting the credibility of the threat" may violate the Eighth Amendment. *Id.* at 1361.

**PLAINTIFF'S MOTION TO PRODUCE**

In a pending motion (Doc. 57), Plaintiff asks for the production of a wide variety of evidence under Rule 34 of the Federal Rules of Civil Procedure. Plaintiff's requests pertain to four different civil actions that he has commenced in this Court. None of Plaintiff's requests directly relates to his Eighth Amendment claim in this action.

One of Plaintiff's requests, his request for "the original version of every sentence computation report stored within the Georgia Department of Correction[s'] computer system

'SCRIBE' from May 2012 through March 2022" (Doc. 57, pp. 1–2), is perhaps relevant to Plaintiff's contention that he has completed his imposed term of incarceration, and hence should be release. As previously explained, though, Plaintiff may not challenge the propriety of his continued incarceration in this Section 1983 action, as opposed to an action filed pursuant to 28 U.S.C. § 2241. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (observing that habeas and Section 1983 are "mutually exclusive" avenues for relief). Accordingly, because the documents that Plaintiff requests are irrelevant or relate to an impermissible theory of recovery, Plaintiff's motion for production is denied.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of informing the Court of the basis for its motion, and of citing "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that support summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In resolving motions for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014).

## ANALYSIS

The Defendant raises five arguments in favor of summary judgment. Two of those arguments relate to procedural defenses: (1) that Plaintiff may not recover official capacity damages under Section 1983, *Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 71 (1989), and (2) that the PLRA bars Plaintiff's recovery of compensatory damages because Plaintiff alleges no physical injury, since his Eighth Amendment excessive force claim is based only upon a credible

*threat* of violence. *See Brooks v. Warden*, 800 F.3d 1295, 1308 (11th Cir. 2015) (citing 42 U.S.C. § 1997e(e)). Regarding these two procedural defenses, it is recommended that the Defendant's motion for summary judgment be granted in part.

In all other respects, however, it is recommended that the Defendant's summary judgment motion be denied. Specifically, because (A) the record does not support Defendant's two arguments on the merits, and because (B) the Defendant is not entitled to qualified immunity, this action should be resolved at trial.

**(A)** **Arguments on the Merits**

To make out on an Eighth Amendment claim of excessive force, a prisoner must satisfy both an objective and a subjective showing. That is, the prisoner must show both that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and that the alleged wrongdoer "acted with a sufficiently culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal punctuation omitted). The Defendant challenges Plaintiff's ability to satisfy both components of the excessive force inquiry, but the Defendant's arguments do not provide grounds for summary judgment.

Regarding the Eighth Amendment's objective component, the Defendant's arguments amount to little more than a request for the Court to reconsider its screening determination. The Defendant argues that the facts which Plaintiff alleged, and now has testified to in a deposition, show only a "minimal or non-existent extent of injury." (Doc. 55-8, p. 8). Longstanding Supreme Court precedent, though, holds that a prisoner need not suffer a serious physical injury to state an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). *Accord Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) ("In Eight Amendment excessive force cases, the core judicial inquiry is not whether a certain quantum of injury was sustained, but rather whether force

was applied in good faith) (internal quotations omitted). Additionally, this Court necessarily rejected any physical injury requirement by allowing Plaintiff to proceed in this action based only on allegations of unmaterialized threats.

Defendant further argues that his alleged spitting and threats to kill Plaintiff did not constitute a use of force and were not otherwise "repugnant to the conscience of mankind" (Doc. 55-8, pp. 7–8). As noted in the screening order, however, federal caselaw indicates that credible threats to harm are actionable under the Eighth Amendment. In the screening order, the Court cited *Chandler v. Dist. of Columbia Dep't of Corrs.*, 145 F.3d 1355 (D.C. Cir. 1998), in which the D.C. Circuit Court of Appeals reversed a district court's order dismissing the case for failure to state a claim and held that the plaintiff's allegation of a single verbal threat by an officer was sufficient to state a a claim under the Eighth Amendment:

> Unlike the district court, we are not persuaded that the injuries described in Chandler's complaint were necessarily insufficient to state a claim under the Eighth Amendment. If we credit his allegations, Corporal Brooks's threat put Chandler in imminent fear of his life because she was in a position to carry it out. Depending on the gravity of the fear, the credibility of the threat, and on Chandler's psychological condition, the threat itself could have caused more than de minimis harm and therefore could have been sufficient to state a claim of excessive use of force.
>
> *Id.* at 1361.

The court found that "the facts underlying Chandler's complaint are similar to those that confronted the Fourth Circuit in *Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir.1978)." As the *Chandler* court explained,

> In that case, the court reversed the district court's dismissal of a prisoner's section 1983 suit alleging that a guard had threatened to have him killed because he had a suit pending against the prison. The Fourth Circuit held that the combination of the

> guard's threat and the prisoner's subsequent transfer from unsupervised work to a work detail supervised by armed guards sufficed to state a cause of action under section 1983. *See [Hudspeth, 584 F.2d]* at 1348. In dicta, the court noted that if the guards "intentionally plac[ed] Hudspeth in fear for his life if he pressed his court actions[,] that would inflict such suffering as to amount to unconstitutional punishment." *Id.*

*Chandler*, 145 F.3d at 1361.

This case is comparable to *Chandler* and *Hudspeth*, in that a reasonable finder of fact, if it accepted Plaintff's testimony as true and drew inferences in his favor, could find that Defendant's threat placed Plaintiff in imminent fear of his life because Defendant was in a position to carry it out. As in those cases, it would be for the finder of fact to evaluate the gravity of Plaintiff's fear, the credibility of the threat, and Plaintiff's psychological condition in response to the threat.

Regarding the Eighth Amendment's subjective component, the Defendant argues that the factors articulated by the Supreme Court in *Whitley v. Albers* weigh in favor of a finding that Morales's conduct was "undertaken to resolve a disturbance," rather than to "inflict[] unnecessary and wanton pain and suffering." 475 U.S. 312, 321 (1986). The *Whitley* factors are:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999)

The Defendant's *Whitley* argument is grounded in a failure to follow the summary judgment standard. The thrust of Morales's argument is that he "did not threaten Plaintiff" (Doc. 55-8, p. 9), but Plaintiff has given sworn deposition testimony indicating that Morales "told me he'd kill me." (Pl.'s Dep., Doc. 55-3, p. 39). This testimony creates a genuine dispute of

material fact, and for summary judgment purposes, the Court must resolve that dispute in Plaintiff's favor.

On Plaintiff's facts, there was no justification for Defendant Morales to employ or threaten to employ any degree of force, let alone lethal force. There is no indication that Plaintiff posed an immediate threat to the safety of Defendant Morales, the CERT officers, or any other prison staff during the March 23, 2020 meeting, which concerned Plaintiff's term of incarceration. Nor is there any indication that Defendant Morales took steps to temper his threats by, for example, retracting those threats. Finally, although the record indicates that Defendant Morales's threats were not carried out, and thus that Plaintiff did not sustain a physical injury, that factor is not dispositive for reasons discussed above. *See Hudson*, 503 U.S. at 4.

In summary, pursuant to the holding in *Chandler*, a finder of fact could determine that Defendant Morales's alleged conduct was sufficiently serious to offend the Eighth Amendment and that the *Whitley* factors support a finding that Defendant Morales was subjectively motivated by an intent to inflict unnecessary suffering, rather than by any good faith desire to restore order. Accordingly, Defendant Morales is not entitled to summary judgment on the merits.

**(B)** **Qualified Immunity**

Finally, Defendant Morales has invoked the defense of qualified immunity, but Eleventh Circuit precedent holds that the "defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). *Accord Bowden v. Stokely*, 576 F. App'x 951, 955 (11th Cir. 2014). Based on this precedent, Defendant Morales also is not entitled to summary judgment on grounds of qualified immunity.

**CONCLUSION**

For the reasons discussed herein, it is **RECOMMENDED** that the Defendant's motion for summary judgment (Doc. 55) be **GRANTED in part and DENIED in part**. It is further **ORDERED** that Plaintiff's motion to produce documents (Doc. 57) is **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Objections are limited to twenty pages in length. Local Rule 7.4 The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 18th day of January, 2023.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge