IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RICO LAMAR BALLARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-142 (MTT) |
| | ) |
| Warden **JOSE MORALES,** | ) |
| | ) |
| Defendant. | ) |

### ORDER

In this 42 U.S.C. § 1983 action, Plaintiff Rico Ballard contends Defendant Morales, the Warden of the Special Management Unit ("SMU") at the Georgia Diagnostic and Classification Prison ("GDCP"), threatened to kill him as he was escorted back to his cell after meeting with Morales to discuss the computation of his sentence. Doc. 1 at 6-10. United States Magistrate Judge Charles H. Weigle recommends, in relevant part, granting Morales's motion for summary judgment as to any official capacity claim for monetary damages and denying Morales's motion for summary judgment on qualified immunity grounds. Doc. 73 at 3-4, 7. Ballard objects and argues his official capacity claim against Morales should remain intact. Doc. 77 at 3. As for Ballard's individual capacity claim, Morales objects and argues there is no clearly established authority from the United States Supreme Court, Eleventh Circuit, or Georgia Supreme Court "to the effect that a threat—standing alone—can constitute a violation of the Eighth Amendment." Doc. 74 at 1-2. Pursuant to 28 U.S.C. § 636(b)(1),

the Court reviews de novo the portions of the Recommendation to which the parties object, and the remaining portions for clear error.

## I. BACKGROUND

Ballard, an inmate assigned to the SMU at GDCP, asked to speak with Morales, the Warden, concerning his term of incarceration.  Doc. 73 at 1.  Ballard believed he had "maxed out" his sentence for a Fulton County murder conviction and was thus due to be released.  *Id.* at n.1.  Morales eventually agreed to meet with Ballard, and after Ballard was "extracted from his cell" by members of the Correctional Emergency Response Team ("CERT"), he was taken to meet Morales in his office.  *Id.* at 1-2.  Morales disagreed with Ballard's contention, and things "quickly devolved into an argument."  *Id.* at 2.

Ballard testified that, while he was seated so he could access his legal papers, "the whole CERT team" surrounded him.  Docs. 73 at 2; 55-3 at 40:22-23.  Once surrounded by the CERT officers, Morales circled Ballard, began "talking trash," and spit on his back.  Doc. 73 at 2 (quoting Doc. 55-3 at 41:18-23).  The encounter lasted "ten, fifteen minutes at the most," before the CERT officers escorted Ballard back to his cell in E-Wing.  Doc. 55-3 at 42:3-12.  As the CERT officers escorted Ballard down the hallway to his cell, Morales threatened to kill him.  *Id.* at 42:10-20.

Morales moved for summary judgment and argued that Ballard fails to state an excessive force claim under the Eighth Amendment, and even if he did, Morales is entitled to qualified immunity because such a violation is not clearly established.  Doc. 55-8 at 5-15.  And in the event the Court disagreed, Morales argued he is at least entitled to summary judgment on Ballard's official capacity claim and the issue of

compensatory damages. *Id.* at 13-14. The Magistrate Judge recommends granting Morales's motion with respect to Ballard's official capacity claim and individual capacity compensatory damages, but denying the motion with respect to Ballard's core Eighth Amendment claim because "a finder of fact could determine that Defendant Morales's alleged conduct was sufficiently serious to offend the Eighth Amendment." Doc. 73 at 4, 7. As to qualified immunity, the Magistrate Judge reasoned that "Eleventh Circuit precedent holds that the 'defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment.'" *Id.* at 7 (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002)).

## II. DISCUSSION

**1. Ballard's Official Capacity Claim Fails**

To the extent Ballard seeks to recover monetary damages against Morales in his official capacity, that claim fails. States—and, by extension, arms of the state—are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). And § 1983 subjects only "persons" to monetary liability for violations of constitutional rights. Accordingly, Ballard's official capacity claim against Morales must fail, and Ballard's objection (Doc. 77) is overruled.

**2. Morales is Entitled to Qualified Immunity on Ballard's Individual Capacity Claim**

The doctrine of qualified immunity "offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Although qualified immunity provides

government officials with a formidable shield, their entitlement to raise that shield is not automatic … the official bears the initial burden of raising the defense of qualified immunity by proving that he was acting within his authority." *Est. of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018).  "Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply." *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009)).  Here, Ballard does not argue, nor could he, that Morales was acting outside the scope of his discretionary authority.  *Diamond v. Smith*, 2022 WL 4097333, at *3-4 (M.D. Ga. Sept. 7, 2022).  Thus, Morales is entitled to raise the defense of qualified immunity.

To overcome a qualified immunity defense, Ballard must establish that (1) the facts, viewed in his favor, establish a constitutional violation; and (2) the unconstitutionality of Morales's conduct was clearly established at the time the threat of force occurred.  *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019).  This two-step analysis may be done in whatever order is deemed most appropriate for the case.  *Lewis*, 561 F.3d at 1291 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).  A right becomes "clearly established" in three ways.  *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005).  First, Ballard can show that a materially similar case has already been decided, consisting of binding precedent by the Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court.  *Id.*  Second, Ballard can show that a broader clearly established principle should control the novel facts of the particular case—that is, the unconstitutionality of the instant conduct must be apparent by looking to the guiding principles of the previous case, irrespective of the underlying factual

-4-

situation.  *Id.*  Third, Ballard can show that the conduct is so egregiously unconstitutional that prior case law is unnecessary.  *Id.*  The second and third methods are rarely successful—"[t]he nonexistence of a decision specifically addressing the alleged right is a significant consideration in determining whether the right is clearly established."  *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (citing *Muhammad v. Wainwright*, 839 F.2d 1422, 1424 (11th Cir. 1987)).

Relying on out-of-circuit authority, Ballard argues that mere threats, in certain circumstances, are sufficient to state an excessive force claim under the Eighth Amendment.  Doc. 61-1 at 6-7 (citations omitted).  That may be true, but Ballard cannot point to any authority holding that mere threats of violence are clearly established violations of the Eighth Amendment.[1]  In his Recommendation, the Magistrate Judge made an understandable analytical mistake.  Rather than addressing whether the unconstitutionality of Morales's conduct was clearly established at the time the threat of force occurred, the Magistrate Judge reasoned that, because "federal caselaw indicates that credible threats to harm are actionable under the Eighth Amendment," and the "defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment," then Morales is not entitled to qualified immunity.  Doc. 73 at 5, 7 (citations omitted).  The problem with that reasoning is that the Magistrate Judge relied on an *actual* use of force case to establish the

---

[1] Of course, unwarranted threats of force are not trivial.  But they are "mere" threats rather than actual use of excessive force.

unconstitutionality of Morales's mere *threat* of force.² Doc. 73 at 7 (citing *Skrtich*, 280 F.3d at 1301).

In *Skrtich*, an inmate subject to a cell extraction claimed "that after he was rendered inert by the electric shock and was not resisting, indeed not capable of resisting, the officers administered a severe beating with no other purpose than the infliction of pain." 280 F.3d at 1305. Under those facts, the Eleventh Circuit held "that the officers who allegedly administered or failed to intervene in this beating [were] not entitled to qualified immunity." *Id.* In doing so, the Circuit rejected the defendants' argument that, because no case addressed "excessive force used *in the context of a cell extraction,*" the prison guards were insulated from liability. *Id.* at 1304. The Circuit reasoned that it made no difference "whether the prisoner is in a cell, prison yard, police car, in handcuffs on the side of the road, or in any other custodial setting[,] [t]he use of force must stop when the need for it to maintain or restore discipline no longer exists." *Id.*

It is debatable whether Morales's threat to kill Ballard rises to the level of a constitutional violation. *See Chandler*, 145 F.3d at 1361. But if it does, *Skrtich* is still insufficient to place Morales on notice that such a threat violated the Eighth Amendment. Unlike the correctional officers in *Skrtich*, Morales never used physical force, he only threatened force. Doc. 73 at 2. And *Skrtich* only stands for the broader clearly established principle that officers cannot "use force maliciously or sadistically for

---

² It could also be said that the Magistrate Judge relied on two out-of-circuit cases as authority. Doc. 73 at 5-6 (analogizing this case to *Chandler v. D.C. Dep't of Corrs.*, 145 F.3d 1355 (D.C. Cir. 1998) and *Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir.1978)). While those cases may be relevant at the screening stage as previously noted by the Court (Doc. 17 at 2), out-of-circuit authority cannot be used to place Morales on notice that a mere threat of violence violates the Constitution. *Mercado*, 407 F.3d at 1159. Put differently, qualified immunity is an affirmative defense which the Court cannot raise *sua sponte* on screening.

the very purpose of causing harm." *Id.* at 1304-05.  Accordingly, Morales is entitled to qualified immunity.

### III. CONCLUSION

After review, the Recommendation (Doc. 73) is **ADOPTED in part** and **REJECTED in part**.  As the Magistrate Judge properly concluded, Ballard may not recover official capacity damages under § 1983 and his claim to that effect fails.  But, contrary to the Magistrate Judge's Recommendation, the unconstitutionality of Morales's conduct was not clearly established at the time the alleged threat of force occurred.  Accordingly, Morales's motion for summary judgment (Doc. 73) is **GRANTED**.[3]

**SO ORDERED**, this 3rd day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Magistrate Judge also recommends dismissing Ballard's claim for compensatory damages because Ballard did not sustain a physical injury of the nature required by the Prison Litigation Reform Act ("PLRA").  Doc. 73 at 3-4 (citing 42 U.S.C. § 1997e(e)).  Nonetheless, the Court need not address the issue here given Morales's entitlement to qualified immunity.